IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF WV 2017-1 GRANOR TRUST,** § § § § | |
| **Plaintiff,** § | |
| § | Civil Action No. 1:23-cv-92 |
| v. § | |
| § | |
| **DORA GONZALES A/K/A DORA SAENZ,** § § | |
| **Defendant.** § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Wilmington Savings Fund Society, FSB, as Trustee of WV 2017-1 Grantor Trust ("Wilmington" or Plaintiff"), and files this *Original Complaint* against Dora Gonzales a/k/a Dora Saenz ("Defendant") and shows the Court:

### I.   PARTIES

1. Plaintiff is a "mortgagee" as defined in Texas Property Code section 51.0001(4) and is appearing through the undersigned counsel.

2. Defendant Dora Gonzales a/k/a Dora Saenz is an obligor under a loan agreement and may be served with process at her residence, 26781 FM 1846, San Benito, Texas 78586. Summons is requested.

### II.   PROPERTY

3. This proceeding concerns the real property and improvements commonly known as Lozano 2 Lots 24-26 Blk 4, Lozano, Texas 78568 a/k/a 26781 FM 1846, San Benito, Texas 78586 and more particularly described as:

BLOCK 4, LOT 24, 25 AND 26 OF THE LOZANO ADDITION NUMBER 2 TO THE ORIGINAL TOWNSITE OF LOZANO, BEING THE NORTH PART OF BLOCK 237, SAN BENITO IRRIGATION CO., ESPIRITU SANTO GRANT (NORTH 620 FEET OF BLOCK 237) AS FILED FOR RECORD JULY 26, 1962, RECORDED PLAT BOOK 19, PAGE 38, CAMERON COUNTY, TEXAS. (the "Property").

### III.  DIVERSITY JURISDICTION AND VENUE

4. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

5. Plaintiff Wilmington is the trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008). Wilmington is a national banking association organized under the laws of the United States. A national banking association organized under the laws of the United States is considered a citizen of the state in which it is "located." 28 U.S.C. § 1348. A national bank is located only in the state of its main office as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). According to its articles of association, Wilmington's main office is in Wilmington, Delaware and, thus, Wilmington is a citizen of Delaware.

5. Defendant Dora Gonzales a/k/a Dora Saenz is an individual and citizen of the State of Texas.

6. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised

value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

7.  When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

8.  Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. The Cameron County Appraisal District values the Property at $122,992.00 in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

9.  Venue is proper in this district and division, the United States District Court for the Southern District of Texas, Brownsville Division, under 28 U.S.C. § 1391(b)(2) because the Property that is the subject of this action is situated in this district and division.

### IV.   FACTS

10.  On or about May 15, 2007, for value received, Dora Gonzales a/k/a Dora Saenz ("Borrower") executed that certain *Promissory Note* ("Note") in the original principal sum of $21,000.00 bearing interest at the rate of 7.990% per annum originally payable to Capital One, National Association ("Capital One"). A true and correct copy of the Note is attached hereto and

incorporated herein as Exhibit A.

11.　　Concurrently with the Note, Dora Gonzales a/k/a Dora Saenz executed a *Deed of Trust* ("Security Instrument" and together with the Note, the "Loan Agreement") as grantor, granting a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Cameron County, Texas on May 25, 2007, at Instrument Number 2007-28393. A true and correct copy of the Security Instrument is attached hereto and incorporated herein as Exhibit B.

12.　　Borrower entered in to a *Home Equity Loan Modification Agreement* ("Loan Modification") with Capital One on June 23, 2016. A true and correct copy of the Loan Modification Agreement is attached hereto as Exhibit C.

13.　　The loan was subsequently transferred from Capital One to Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A as evidenced by that certain *Assignment of Deed of Trust* ("First Assignment") recorded on February 26, 2021, in the Real Property Records for Cameron County, Texas under Instrument No. 2015-15462. A true and correct copy of the First Assignment is attached hereto as Exhibit D.

14.　　The loan was subsequently transferred from Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A to Plaintiff, as evidenced by that certain *Assignment of Deed of Trust* ("Second Assignment") recorded on June 18, 2021 in the Real Property Records for Cameron County, Texas under Instrument No. 2021-27005. A true and correct copy of the Second Assignment is attached hereto as Exhibit E.

15.　　Plaintiff is the current legal owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff is also a *mortgagee* of the Loan Agreement, as defined by Texas Property Code § 51.0001(4).

16. Under the terms of the Note and Security Instrument, Borrower was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

17. The Note and Security Instrument further provide that should Borrower fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

18. Borrower failed to make the payments on the Note and failed to comply with any and all of the covenants and conditions under the terms of the Security Instrument. The Loan Agreement is currently due for the February 14, 2023, payment and all subsequent monthly payments. On March 22, 2023, a *Notice of Intent to Foreclose* ("Notice of Default") was sent in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Default is attached hereto as Exhibit F.

19. The default was not cured. The maturity of the Loan Agreement was accelerated on June 2, 2023, when a *Notice of Acceleration of Loan Maturity* was sent in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as Exhibit G.

20. Plaintiff brings this suit to obtain a judgment allowing foreclosure against Defendant.

### V.    CAUSE OF ACTION—FORECLOSURE

21. The foregoing paragraphs are incorporated by reference for all purposes.

22. Wilmington asserts a cause of action for foreclosure against Defendant. Wilmington, as the current legal owner and holder of the Note and the mortgagee has the right to

enforce the Note and Security Instrument. Wilmington has fully performed its obligations under the Loan Agreement; however, Defendant did not comply with the Loan Agreement, by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract).

23. Wilmington seeks a judgment allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code section 51.002.

24. Wilmington has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of Defendant's failure to comply with the Loan Agreement. Wilmington is therefore entitled to and seeks judgment against Defendant for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument by statute. TEX. CIV. PRAC. & REM. CODE ANN. §38.001(8). Wilmington seeks an award of attorneys' fees as a further obligation on the Note and not as a money judgment against Defendant personally.

25. All conditions precedent have been performed or have occurred.

## VII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant, Dora Gonzales a/k/a Dora Saenz, be summoned to appear and answer, and that the Court enter judgment granting: a declaration that Plaintiff has standing to foreclose and Plaintiff's lien against the Property shall be enforced by a judgment and foreclosure under the Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff further requests attorneys' fees and costs of suit as a further obligation on the Note, and all other relief, in law and in equity, to which it is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    Southern District Admission # 21340
    mcronenwett@mwzmlaw.com

    **NICHOLAS M. FRAME**
    Of Counsel
    Texas Bar No. 24093448
    Southern District Admission # 3121681
    nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**